Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE ARCONA, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CIVIL ACTION NO. |
| COLLECTCORP CORPORATION, | ) ) ) |
| Defendant | ) ) |

## COMPLAINT

NOW COMES Plaintiff, LORRAINE ARCONA, and her attorneys, Kimmel & Silverman, P.C., and for her Complaint against Defendant COLLECTCORP CORPORATION Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is an adult individual who resides in Howell, New Jersey.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as she is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), in that it held itself out to be a company collecting a consumer debt allegedly owed to another.

8. Defendant, COLLECTCORP CORPORATION, is a national debt collection company with its principal place business at 455 N. 3rd Street, Suite 260 in Phoenix, Arizona, 85004.

9. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## BACKGROUND ON THE FDCPA

11.  The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.  In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

13.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many

debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## FACTUAL ALLEGATIONS

15. Beginning in or around July 2008, through present, Defendant repeatedly contacted Plaintiff in an attempt to collect a debt allegedly owed to Bank of America.

16. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions which were primarily for personal, family, or household purposes.

17. Defendant made repeated and continuous calls to Plaintiff's home telephone in an attempt to collect the debt.

18. In its telephone calls to Plaintiff, Defendant's employees, representatives, and/or agents made demeaning comments to Plaintiff in an attempt to humiliate and embarrass Plaintiff.

19. Specifically, Defendant's representative, "Pria," asked Plaintiff how many pairs of shoes she had bought to accumulate the debt.

20. Also, "Pria" threatened Plaintiff that Plaintiff would go to jail if she did not pay.

21. Further, Defendant's representative, "Mr. Hussen," in a threatening voice, told Plaintiff that she "better pay up."

22. In addition to making demeaning statements to Plaintiff, Defendant and its representatives, "Pria," "Nick Thomas," "Nodi Wally," and "Mr. Hussen," contacted Plaintiff at inconvenient times, including at dinner time and after 9:00 p.m., in its attempts to collect a debt.

23. Plaintiff demanded that Defendant and its representatives stop contacting her; however, Defendant ignored Plaintiff's instructions and continued to contact her.

24. As a result of Defendant's harassment, Plaintiff finally acquiesced and began making payments on the alleged debt.

25. Defendant was seeking to collect $17,395.90, from Plaintiff.

26. On or about December 20, 2009, Plaintiff authorized Defendant to withdraw $500.00 from her checking account, leaving a remaining balance of $16,895.90. See Exhibit A, Defendant's December 20, 2009, correspondence.

27. On or about January 22, 2010, Plaintiff authorized Defendant to withdraw $500.00 from her checking account, leaving a remaining balance of $16,395.90. See Exhibit B, Defendant's January 22, 2010, correspondence.

28. In February 2010, Plaintiff authorized Defendant to withdraw $200.00 from her checking account, leaving a remaining balance of $16,195.90.

29. Then, on or about March 14, 2010, Plaintiff authorized Defendant to withdraw $200.00 from her checking account, leaving a remaining balance of $15,995.90. See Exhibit C, Defendant's March 14, 2010, correspondence.

30. On or about March 23, 2010, Plaintiff authorized Defendant to withdraw $4,660.00 from her checking account, leaving a remaining balance of $11,335.90. See Exhibit D, Defendant's March 23, 2010, correspondence.

31. Then, on or about April 24, 2010, Plaintiff authorized Defendant to withdraw $422.00 from her checking account.

32. However, when Plaintiff received Defendant's notification of its intent to withdraw $422.00 from her checking account, Plaintiff observed that her balance was $13,495.90, which did not properly account for the $4,660.00 payment she made the previous month. See Exhibit E, Defendant's April 24, 2010, correspondence.

33. Defendant claimed that the balance of the debt owed by Plaintiff was $13,495.90. See Exhibit E, Defendant's April 24, 2010, correspondence.

34. With Plaintiff's payment of $422.00, Defendant claimed that Plaintiff still owed $13,073.90. See Exhibit F, Defendant's May 25, 2010, correspondence.

35. The, on or about May 25, 2010, Plaintiff authorized Defendant to withdraw one more payment of $422.00. See Exhibit F, Defendant's May 25, 2010, correspondence.

36. Although Plaintiff was making payments on the alleged debt, Defendant continued to contact her in an attempt to collect the debt.

37. Plaintiff reiterated her demand that Defendant cease and desist contacting her.

38. Further, Plaintiff made several requests to Defendant to verify the alleged debt, providing proof that she owed the debt as well as that the balance was correctly calculated.

39. Defendant refused to provide Plaintiff with verification of the debt.

40. As a result, Plaintiff revoked her consent for Defendant to withdraw funds from her checking account in July 2010.

41. Despite not having Plaintiff's consent to withdraw funds, in July 2010, Defendant withdrew another $422.00 from Plaintiff's checking account.

42. Finally, in its efforts to collect the alleged debt from Plaintiff, Defendant contacted Plaintiff's mother and daughter, telling them (Plaintiff's mother and daughter) that Plaintiff owed a debt and that she needed to "pay up."

43. The repetitive calls to Plaintiff were disturbing, harassing, humiliating and caused Plaintiff not to answer her phone.

44. Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed to send Plaintiff written notification setting forth her rights to dispute the debt and/or request verification of the debt.

## CONSTRUCTION OF APPLICABLE LAW

45. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2nd Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2nd Cir. 1993).

46. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

47. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

48. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a. Communicating with Plaintiff at a time or place known to be inconvenient, in violation of 15 U.S.C. § 1692c(a)(1);

    b. Communicating with a third party without Plaintiff's consent, in violation of 15 U.S.C. § 1692c(b)(1);

    c. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

    d. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass her, in violation of 15 U.S.C. § 1692d(5);

e. Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

f. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

g. Misrepresenting to Plaintiff that non-payment of the alleged debt would result in arrest or imprisonment, in violation of 15 U.S.C. § 1692e(4);

h. Threatening to take legal action against Plaintiff that could not be legally taken, in violation of 15 U.S.C. § 1692e(5);

i. Using misrepresentations or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10);

j. Using unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f;

k. The collection of additional amounts not expressly authorized, in violation of 15 U.S.C. §1692f(1);

l. Failing to provide, within five (5) days after its initial written communication with Plaintiff, written notice containing information on Plaintiff's right to dispute the debt, request validation, or request the name of the original creditor, in violation of 15 U.S.C. §1692g(a); and

m. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LORRAINE ARCONA, respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## DEMAND FOR A JRUY TRIAL

Plaintiff demands a trial by jury as to all issues triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding

        Respectfully Submitted,

        **Kimmel & Silverman, P.C.**

Dated: January 6, 2011        By: /s/ Amy L. Bennecoff
        Amy L. Bennecoff
        Attorney ID # AB 0891
        Kimmel & Silverman, P.C
        1930 E. Marlton Pike, Suite Q29
        Cherry Hill, New Jersey 08003
        Phone: (856)429-8334
        Facsimile (856) 216-7344
        Email: abennecoff@creditlaw.com